**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MCS HEALTH MANAGEMENT OPTIONS, INC.

*Plaintiff*

v.

CARLOS R. MELLADO LOPEZ, et al.

*Defendants*

CIV. NO. 14-1223 (PG)

**ORDER**

On March 17, 2015, the Court issued an Opinion and Order granting plaintiff's request for a preliminary injunction and ordering defendants to suspend all administrative proceedings against MCS Health Management Options, Inc. ("MCS") in Administrative Case No. 2011-OP-06 before the Office of the Patient's Advocate ("OPA"). See Docket No. 35.

Defendant Carlos R. Mellado Lopez ("Mellado") filed a Motion to Set Aside the Opinion and Order. See Docket No. 36. For the reasons discussed, the request is **DENIED**.

**I. Standard of Review**

"The federal rules do not specifically provide for the filing of motions for reconsideration; notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment if it seeks to change the order or judgment issued." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006).

"Motions for reconsideration are generally considered either under Fed.R.Civ.P. 59 or Rule 60, depending on the time such a motion is served." See Villanueva-Mendez v. Nievez Vazquez, 360 F.Supp.2d 320, 322 (citing Perez–Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir.1993)). However, under either rule, a motion for reconsideration "cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Id. (citations omitted). "These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law." Id. (citations omitted).

Rule 59(e) "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12, 27 (1st Cir.2014). The First Circuit Court of Appeals has held that Rule 59(e) motions are granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Ocasio-Hernandez v. Fortuño-Burset, 777 F.3d 1, 9 (1st Cir.2015) (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.2014)).

**II. Discussion**

Although Mellado fails to cite the specific procedural rule upon which he seeks to vacate the order, we will consider his motion pursuant to Fed.R.Civ.P. 59.

Defendant challenges the Court's decision on several grounds, most notably, that the financial scheme conducive to bias that the First Circuit highlighted in Esso Std. Oil Co. v. Lopez-Freytes, 522 F.3d 136 (1st Cir. 2008)("Esso II") is not present here. Mellado explains that a finding of "extreme bias" required for abstention under the doctrines of *Younger*[1] and *Gibson*[2], mandates that either the examiner or the adjudicative agency be paid out of the same special account into which the fines are deposited.

The Court already addressed this matter extensively in the Opinion and Order and Mellado has not put forth any compelling reason that justifies a departure from our original conclusion. The Court's decision took into account a number of factors, including those detailed in the *Esso* cases and others that were not, but that the Court considered significant. And, despite Mellado's theory, nothing in the *Esso* cases categorically states that only where financial gain from the proceeding's outcome is present may the Court make a finding of "extreme bias."

Next, Mellado invites the Court to revisit its analysis regarding the actions of examining offers Carlos Santiago and Karen L. Garay. Again, the Court's prior findings regarding this matter are neither unreasonable nor manifestly unjust. See Ellis V. U.S., 313 F.3d 636, 648 (1st Cir. 2002)(quoting Fogel v. Chestnutt, 668 F.2d 100, 109 (2nd Cir.

1 Younger v. Harris, 401 U.S. 37 (1971).
2 Gibson v. Berryhill, 411 U.S. 564 (1973).

1981)("In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration).

Mellado also questions the Court's determination that the defendants "did not provide a solid rationale" for their decision to "multiply the fine by the total number of beneficiaries." See Docket No. at 22-23. The defendant then restates the allegations included in the original pleadings but puts forth no evidence that the Court's original determination "evidenced a manifest error of law." Hence, his argument fails.

The only consideration that merits discussion is Mellados' claim that the discovery shortcomings were remedied. Specifically, he avers that the agency provided MCS with a certified copy of its file regarding the investigation, including two compact discs containing the registry of pregnant women subscribed to *Mi Salud* and a list of the ob-gyn providers. As to the other discovery requests that MCS complains about, OPA admits that they are "currently outstanding." See Docket No. 36.

MCS concedes that the OPA provided two CDs containing information about the registry of pregnant women that were insured by *Mi Salud* and also a list of claims filed before the OPA. See Docket No. 38 at page 5. It avers, however, that the OPA provided the copy of the claims a mere two days before the hearing on the merits.

MCS counters that even if the "procedural missteps" are corrected, those errors constitute an "uninterrupted pattern of repeated acts of arbitrariness and prejudice against MCS". See Docket No. 38 at page 6. They assert that this pattern can only be remedied with the court's intervention.

Though the delivery of the requested discovery certainly weighs in favor of the OPA, it does not obliterate all the other instances of arbitrary decisions exhibited in the administrative proceedings. The hurdles in discovery were one of several factors that the Court took into account. Furthermore, the Court shall examine the impact of the discovery provided—including whether it tips the bias scale in favor of defendants—at the hearing on the merits.

## III. Conclusion

Having reviewed defendant Carlos Mellado's motion for setting aside the Opinion and Order, the Court finds that it simply repeats "old arguments previously considered and rejected" or raises "new legal theories that should have been raised earlier." See Villanueva-Mendez, 360 F.Supp.2d at 323. Thus, the motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 27, 2015.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**